UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DORI DEFALCO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:22-cv-6901 |
| | ) | |
| v. | ) | |
| | ) | |
| ACCUMED CENTER, S.C. and SATISH PATEL, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Dori DeFalco, upon personal knowledge as to facts known to herself, and upon information and belief following investigation of counsel, alleges as follows against Accumed Center, S.C. ("Accumed") and Satish Patel ("Patel") (individually and collectively, "Defendants"):

### INTRODUCTION

1. This action seeks relief for Defendants' failure to pay overtime to Plaintiff.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is currently a citizen of the State of Idaho, and was a citizen of the State of Illinois at relevant times.

3. Accumed is an Illinois corporation with principal offices in Bartlett, Illinois.

4. Accumed owns and operates medical offices located in Illinois and in this judicial District, including its medical office in Bartlett, Illinois, where Plaintiff was employed.

5. Patel is a citizen of the State of Illinois and resides in this judicial District.

6. Patel is a medical doctor and the sole owner and officer of Accumed.

7. Patel is the medical doctor practicing medicine at Accumed's offices.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 216(b).

9. The Court also has jurisdiction over Plaintiff's state law claims per 28 U.S.C. § 1367, because those claims are so related to the federal claim that they form part of the same case or controversy. As fully described in detail herein, Plaintiff's state and federal claims arise out of a common nucleus of operative fact; the herein-described facts give rise both to Plaintiff's federal and state law claims as set forth below.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants are citizens of, and regularly do business in, this judicial District and reside here, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

11. Accumed owns, operates, or controls a medical office located in Bartlett, Illinois.

12. From approximately October of 2021 to April of 2022, Accumed employed Plaintiff at its Bartlett, Illinois medical office ("the Bartlett Office").

13. Plaintiff worked for Accumed as an employee.

14. Plaintiff worked for Accumed at the Bartlett Office administering and processing Covid-19 tests, for patients who came to the Bartlett Office for a Covid-19 test.

15. Subsequently, near the end of Plaintiff's employment with Accumed, Defendants transferred Plaintiff to a receptionist position at the Bartlett Office.

16. Defendants caused Plaintiff to be paid in a manner that violates Defendants' obligation to pay her as required under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), to Plaintiff's detriment.

17. Defendants employed Plaintiff on an hourly basis throughout her entire employment with Accumed.

18. Defendants paid Plaintiff at a rate of $20 per hour throughout her employment with Accumed.

19. Plaintiff routinely worked in excess of 40 hours per week during her employment with Accumed, but Defendants failed to timely and properly pay Plaintiff overtime for these hours worked.

20. Instead, Defendants merely paid Plaintiff straight time, at her regular rate of $20 per hour, for hours worked in excess of 40 hours per week, rather than one and one-half times her regular rate of pay.

21. Plaintiff is not exempt from Defendants' obligation to pay her overtime at one and one-half times her regular rate, as required under the Fair Labor Standards Act and the Illinois Minimum Wage Law.

22. Defendants attempted to circumvent their duty to pay overtime, at one and one half times Plaintiff's regular rate of pay, by paying Plaintiff through the Zelle payment application, rather than through formal payroll, without taking out applicable payroll taxes.

23. Defendants controlled all aspects of Plaintiff's work, including the hours worked, where she worked, and how she performed the work.

24. Defendants directly supervised Plaintiff.

25. Defendants provided Plaintiff with all equipment and materials to perform her work.

26. Plaintiff's work for the Defendants did not require a special set of skills, and Plaintiff has no formal medical training.

27. Plaintiff's work for the Defendants was an integral part of Accumed's business.

28. Plaintiff was instructed by Accumed managers to record her hours worked and

report them to Accumed managers so she could be paid.

29. Plaintiff regularly worked in excess of forty (40) hours in a workweek during her employment with Defendants.

30. Plaintiff regularly reported to Defendants that she worked in excess of forty (40) hours in a workweek.

31. Despite regularly working and reporting to Defendants that she worked in excess of forty (40) hours in a workweek, Defendants failed to pay Plaintiff for overtime hours at one and one-half times her regular rate of pay.

32. Defendants' policy and practice was to pay straight time for overtime hours; and Defendants paid other employees, in addition to Plaintiff, in this manner too.

33. As Accumed's sole owner and officer, Patel was solely responsible for the policy and practice of paying straight time for overtime hours.

34. Patel had Accumed managers send him the hours worked by Plaintiff so he could review the hours.

35. Patel calculated the amount to be paid to Plaintiff based on the hours worked that Plaintiff reported.

36. Patel personally made and/or oversaw the wage payments being made to Plaintiff through the Zelle application.

37. Patel made significant day-to-day decisions affecting Plaintiff's compensation.

38. Due to Patel's direct involvement in failing to pay Plaintiff overtime as required, and his role as sole owner and officer of Accumed, Patel is personally liable.

39. As a result, Defendants are each liable to Plaintiff for Defendants' failure to pay her overtime at one and one-half times the regular rate of pay.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein.

41. Defendants, by their conduct set forth above, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 *et seq*.

42. At relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

43. Pursuant to the FLSA, Defendants are required to pay Plaintiff overtime for hours worked in excess of 40 in a workweek.

44. Defendants' above-described decisions, practices, and policies prevented Plaintiff from receiving proper overtime compensation for all time worked in excess of 40 hours per workweek.

45. In such workweeks, as part of their business practice, Defendants failed to properly pay overtime to Plaintiff for work Defendants required in excess of 40 hours per week, within three years preceding the filing of this Complaint.

46. Defendants also failed to keep adequate records of Plaintiff's hours worked.

47. Defendants failed to properly pay overtime to Plaintiff for on-the-clock overtime work, because Defendants paid overtime at the regular rate of pay rather than one and one-half times the regular rate of pay, as set forth above.

48. The above-described conduct violates the FLSA.

49. Defendants' failure to pay time and one-half overtime wages is willful and intentional.

50. At relevant times, Defendants did not make a good faith effort to comply with their

duties to compensate Plaintiff as required by the FLSA.

51. Defendants were aware and on notice of their duty to pay overtime at one and one-half times the regular rate of pay for overtime work performed by Plaintiff, and attempted to avoid this duty by incorrectly informing Plaintiff that she was an independent contractor.

52. As a result of Defendants' conduct, Plaintiff was denied proper and timely overtime wages, as set forth above, and is entitled to damages, including back pay and lost wages, and liquidated damages as permitted by the FLSA in amounts to be proven at trial.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

53. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein.

54. The Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a.

55. Defendants failed to pay Plaintiff one and one-half times her regular rate of pay for hours worked in excess of 40 in a workweek, even though Plaintiff regularly worked in excess of 40 hours in a workweek at relevant times, as set forth above.

56. Plaintiff is not subject to any of the IMWL's exemptions to the payment of overtime at a rate not less than one and one-half times the regular rate at which she is employed.

57. Defendants are employers and Plaintiff is an employee within the meaning of the IMWL.

58. Plaintiff is entitled to recover the amount of any and/or all underpayments in violation of the IMWL. *See* 820 ILCS 105/12(a).

59. Further, Plaintiff is entitled to statutory damages as provided for by the IMWL, including treble damages, 5 percent per month interest, and attorney fees and costs. *See* 820 ILCS 105/12(a).

60. As a result of Defendants' above-described conduct in violation of the IMWL, Plaintiff was damaged and is entitled to payment of her due and owing overtime compensation and any applicable penalties and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

a. Find that Defendants violated and willfully violated the FLSA, and enter judgment accordingly;

b. Find that Defendants violated the IMWL, and enter judgment accordingly;

c. Award all damages and back-pay available under the FLSA, including unpaid or untimely paid overtime wages, and an additional and equal amount as liquidated damages;

d. Award all damages and back-pay available under the IMWL, including unpaid or untimely paid overtime wages, and an additional trebled amount as liquidated damages;

e. Award pre-judgment and post-judgment interest as permitted by applicable law, including 5% per month interest under the IMWL;

f. Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable law and/or statute; and

g. Award such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

DORI DEFALCO

By: s/ Mark A. Bulgarelli
    One of Plaintiffs' Attorneys

Ilan Chorowsky, Esq.
Mark A. Bulgarelli, Esq.
PROGRESSIVE LAW GROUP LLC
1570 Oak Avenue, Suite 103
Evanston, IL 60201
(312) 787-2717 (voice)